UNITED STATES DISTRICT COURT FOR THE
DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| ISIDRO BARBEL III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:13-cv-20 |
| | ) | |
| CJ and COMPANY MANAGEMENT d/b/a | ) | |
| ABOVE THE CLIFF RESTAURANT AND | ) | |
| BAR, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge

**OPINION
AND
ORDER OF COURT**

**Synopsis**

Plaintiff's Complaint asserts 4 causes of action:  Count 1 – Violation of 42 USC §1981; Count 2 – Violation of 42 USC §2000a; Count 3 – Failure to Provide Adequate Security; and Count 4 – Failure to Render Aid and/or Seek Assistance for Plaintiff.  (ECF No. 1).   Plaintiff obtained a default on December 18, 2013.  (ECF No. 11).  On September 8, 2014, Plaintiff filed a Motion for Default Judgment. (ECF No. 21).  Therein, Plaintiff asserts that default judgment is appropriate as to all four counts.  *Id.*  After careful consideration and as is more fully set forth below, I find the unchallenged facts of Plaintiff's Complaint constitute legitimate causes of action such that I am granting Plaintiff's Motion for Default Judgment.  (ECF No. 21).

1.    **Counts 1 and 2 – Federal Public Accommodation Laws, 42 USC §§2000a and 1981**

The United States Congress has enacted two statutes that establish civil rights in the context of public accommodations: 1) Title II of the Civil Rights Act of 1964, § 201, et. seq., as amended, 42 U.S.C. § 2000a, et. seq.; and 2) 42 U.S.C. § 1981. Title II provides:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a). A "place of public accommodation" includes restaurants, lunch counters, and other food establishments whose operations affect commerce. *Id.* An operation affects commerce where a substantial portion of the food served has moved in interstate commerce, or where the establishment offers to serve interstate travelers. *Id.* Section 1981(a) provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). To establish prima facie case of discrimination under federal law, a plaintiff must demonstrate that: (1) he is member of protected class; (2) defendant intended to discriminate against him on that basis; and (3) defendant's racially discriminatory conduct abridged right enumerated in statute. *Pryor v. Nat'l Coll. Athletic Ass'n,* 288 F.3d 548, 569 (3d Cir.2002), *quoting Brown v. Phillip Morris, Inc.,* 250 F.3d 789, 797 (3d Cir. 2001); 42 U.S.C.A. § 2000a *et seq.*; 42 U.S.C.A. § 1981.

In this case, the allegations of the Complaint, which due to the entry of default are accepted as true, set forth a legitimate cause of action under the federal public accommodation laws. 42 U.S.C.A. § 2000a et seq.; 42 U.S.C.A. § 1981. Plaintiff is African American. (ECF No. 1). Defendant, Above the Cliff Restaurant and Bar is a place of public accommodation and affects commerce within the meaning of 42 U.S.C. §2000a. Through its owner/manager Christopher Hockman, Defendant provided aid to injured white patrons while at the same time denying aid to Plaintiff while he was lying on the ground covered in blood. Mr. Hockman ignored Plaintiff's request (and his friends' request) for an ambulance and for first aid and instead told Plaintiff "he got what he deserved now get the hell out of here." (ECF No. 1, ¶33). Additionally, Plaintiff desired to use the restroom area after the beating, but was denied the use

by Mr. Hockman, who revealed a concealed firearm on his person to Plaintiff and again told the Plaintiff (and his friends) to leave.  *Id.,* at ¶34.  These actions were undertaken "intentionally and purposefully, with racially discriminatory animus, for the purpose of denying Plaintiff equal treatment on the basis of race.   Based on the same facts, Defendant is liable to Plaintiff pursuant to 42 U.S.C.A. § 2000a *et seq.*; 42 U.S.C.A. § 1981.

**2.      Counts 3 and 4: State Law Tort Claims for Failure to Provide Adequate Security and Failure to Render Aid and/or Assistance**

Counts 3 and 4 of Plaintiff's Complaint are state law tort claims for negligence.  (ECF No. 1).  To assert a cause of action for negligence under Virgin Islands law, a plaintiff must prove: 1) a duty, 2) a breach of that duty, 3) causation, and 4) damages.  *Machado v. Yacht Haven U.S.V.I., LLC*, No. S.CT.CIV. 2012-0137, 2014 WL 5282116, at *2 (V.I. Oct. 16, 2014).  "[T]he foreseeability of harm 'is the touchstone of the existence of [a land possessor's] duty of reasonable or ordinary care,' 59 V.I. at 593—to all premises liability actions."  *Machado v. Yacht Haven U.S.V.I., LLC*, No. S.CT.CIV. 2012-0137, 2014 WL 5282116, at *5 (V.I. Oct. 16, 2014).

In this case, Defendant, as a restaurant and bar, owed a duty to protect Plaintiff from forseeable harm, including making sure the premises was safe from known and foreseeable hazards.  He had a duty to maintain its premises in a reasonably safe condition, including a duty to provide adequate security and aid for the safety of its patrons.  This is especially true on days that it reasonably and foreseeably knew that it would have a greater number of patrons, like during Marti Croix.

On March 5, 2011, around 7:00 in the evening, Plaintiff was playing pool with his friends at the bar when two white women approached the Plaintiff and began to flirt with him.  (ECF No. 1).  The pool area was visible from the bar which was only 15 feet away.  *Id.*  At the time, Chris Hockman, the owner/manager, was standing behind the bar.  *Id.*  Plaintiff brushed off the advances from the women.  *Id.*  Moments later, Plaintiff was verbally accosted loudly by a white patron who appeared to be connected with the women.  *Id.*  Another white patron restrained the

3

first white patron and escorted him closer to the bar area.  *Id.*  All the while, the first white patron continued to loudly insult Plaintiff.  *Id.*

Thereafter, the first white patron, continuing to scream profanities at Plaintiff, approached Plaintiff and violently struck Plaintiff's face knocking him to the ground.  *Id.*  The first white patron continued to beat Plaintiff until Plaintiff began to bleed.  *Id.*  Then, the second white patron began to beat and kick Plaintiff's lower leg area eventually breaking Plaintiff's ankle in multiple locations.  *Id.*  The assault lasted for more than a minute until the two white patrons were tired and stopped beating Plaintiff.  *Id.*

This conduct could have been foreseen by Defendant, but Defendant failed to provide adequate security to intervene in the escalation of the verbal altercation leading up to the beating and/or the beating itself that lasted for more than a minute.  As a result, Plaintiff sustained multiple injuries.  (ECF No. 1).  Furthermore, Defendant failed to render aid to Plaintiff (let alone, as soon as possible) during the beating and after he sustained injuries, even after Plaintiff's friends requested that Mr. Hockman call an ambulance and provide first aid to Plaintiff.  Based on the same, I find Plaintiff has asserted legitimate causes of action in Counts 3 and 4 and is liable to Plaintiff for negligence.

Therefore, judgment as to Count 1-4 of Plaintiff's Complaint shall be entered for Plaintiff and against Defendant.  An appropriate order shall follow.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

ISIDRO BARBEL III,                        )
                                          )
        Plaintiff,                        )
                                          )
        vs.                               )        1:13-cv-20
                                          )
CJ and COMPANY MANAGEMENT d/b/a           )
ABOVE THE CLIFF RESTAURANT AND            )
BAR,                                      )
                                          )
        Defendant.                        )

AMBROSE, Senior District Judge

## ORDER

And now, this 19th day of November, 2015, upon consideration of Plaintiff's Motion for
Default Judgment (ECF No. 21), said Motion is granted and it is ordered that judgment as to
Count 1-4 of Plaintiff's Complaint shall be entered in favor of Plaintiff and against Defendant.

It is further ordered that a telephone conference is set for November 30, 2015 at 11:45
a.m. Eastern Standard Time to discuss a hearing on damages.  Plaintiff's Counsel is to initiate
the call.  Plaintiff's counsel is also instructed to ensure that a copy of this Memorandum Opinion
and Order is provided to the Defendant since it has not entered an appearance in this matter.

BY THE COURT,

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge